UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ERIC ELLIS, | § | |
|     Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:25-CV-168-P |
| | § | |
| VENTURA FOODS, LLC, | § | |
|     Defendant. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO REMAND

Pending before this Court is a Motion to Remand [doc. 10] filed by *pro se* Plaintiff Eric Ellis ("Ellis") on February 26, 2025. Having carefully considered the motion, response, and relevant legal authorities, the Court **FINDS, CONCLUDES, AND RECOMMENDS** that Ellis' Motion to Remand be **DENIED**.

Ellis originally filed suit against Defendant Ventura Foods, LLC ("Ventura") in the 352nd Judicial District Court, Tarrant County, Texas on January 16, 2025. (*See* Defendant's Notice of Removal ("Def.'s Not. of Rem.") at Exhibit ("Ex.") A, page ("p.") 1 and Ex. B-1., p. 1. In his Original Petition, Ellis asserted claims against Ventura for the following: breach of contract; breach of fiduciary duty; invasion of privacy; two counts of intentional infliction of emotional distress; breach of confidence; negligent hiring, retention, and supervision; and constructive discharge. (Def.'s Not. of Rem. at Ex. B-II-1, pages ("pp.") 5-12.) In addition, Plaintiff stated that he "seeks monetary relief over $1,000,000." (*Id.* at p. 2; *see also* Def.'s Not. of Rem. at Ex. B-II-1, p. 3.) Defendant states that it was served with process on January 23, 2025. (Def.'s Not. of Rem. at 1; *see also* Def.'s Not. of Rem. at Ex. B-II-5 (Constable's Return).)

Thereafter, on February 19, 2025, Ellis filed an Amended Petition in the 352nd Judicial District Court. (*See* Def.'s Not. of Rem. at Ex B-II-9.) In this Amended Petition, Plaintiff alleged

1

the same causes of action against Ventura and again stated that he sought "monetary relief over $1,000,000." (*Id*. at Ex. B-II-9, p. 2.)  Two days later, on February 21, 2025, Ventura removed the case to this Court [doc. 1], claiming that this Court had subject matter jurisdiction to hear the case as, pursuant to 28 U.S.C. § 1332(a), complete diversity of citizenship exists between Plaintiff and Defendant. (Def.'s Not. of Rem. at 3.)  In support, Ventura states that Plaintiff is a citizen of Texas and Defendant, which is an LLC, is a citizen of Minnesota, Delaware, and California.[1] (*Id*. at 3-5.)  Ventura further argues that the amount in controversy is met as Plaintiff seeks monetary relief over $1,000,000. (*Id*. at 5-6.)

In his Motion to Remand, Ellis claims that this case should be remanded because "Plaintiff's Complaint does not present a question of federal law." (Plaintiff's Motion to Remand ("Pl.'s Mot. to Remand") at 5.)  In addition, Ellis argues that "Defendant's removal was untimely under § 1446(b)(3)." (*Id*. at 6.)

In its response, Ventura states:

> Ventura Foods removed this case on the basis of ***diversity of citizenship***.  In his Motion, Ellis asks the Court to remand it because there is no basis for the exercise of ***federal question jurisdiction***.  Ellis does not challenge the fact that diversity of citizenship exists.  The Motion is meritless.
>
> This baseless motion is but part of Ellis's ongoing efforts to avoid the effects of this Court's 2023 order in an unrelated case declaring him a vexatious litigant.  *See* August 4, 2024 Order Accepting Findings, Conclusions, and Recommendations of the United States Magistrate Judge [ECF No. 8] in *Eric L. Ellis v. City of Fort Worth, et al.*, Civil Action No. 4:23-CV-00685-P ("Vexatious Litigant Order").  The Vexatious Litigant Order expressly warned Ellis that he could be subject to sanctions for abusive and harassing litigation.  It also prohibits him from filing additional complaints in this District without first requesting and securing leave of court.

---

[1] Specifically, Ventura states that it is a limited liability company ("LLC") that was incorporated under the laws of Delaware, with its principal place of business in California. (Def.'s Not. of Rem. at 5.)  In addition, Defendant avers that it has two members, CHS Inc. and Wilsey Foods, Inc ("Wilsey Foods"). (*Id*.)  According to Defendant, CHS Inc. is a Minnesota corporation, with its principal place of business in Minnesota, and Wilsey Foods is a Delaware corporation, with its principal place of business in California. (*Id*.)

2

> Ventura Foods asks that the Court deny the motion. Furthermore, in light of Ellis's abusive litigation conduct thus far in this case, Ventura Food also requests that the Court require Ellis to obtain leave before proceeding further with this litigation, consistent with the purpose and intent of the Vexatious Litigant Order.

(Defendant's Response in Opposition to Plaintiff's Motion to Remand ("Def.'s Resp.") at 1-2 (emphasis in original) (footnotes omitted).) As to the timeliness issue, Ventura states that it timely removed the case to this Court on February 21, 2025, 29 days after being served with Ellis' Original Petition in state court. (Def.'s Resp. at 4.)

Any civil action brought in state court may be removed to federal court by the defendant if the district court would have had original jurisdiction over the action. *See* 28 U.S.C. § 1441(a). To determine whether federal jurisdiction exists, the Court must "consider the claims in the state court petition as they existed at the time of removal." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Cavallini v. State Farm Mut. Auto. Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)). Additionally, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723 (citation omitted); *see* 28 U.S.C. § 1441. If there is "any doubt about the propriety of removal[, it] must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007). When, as in this case, the basis for federal jurisdiction is diversity of citizenship, complete diversity[2] must exist at the time the petition is filed in state court and at the time of removal to federal court. *See Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996). Diversity jurisdiction under 28 U.S.C. § 1332(a) requires the action be between citizens of different states and the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332(a).

---

[2] Complete diversity means that "every plaintiff must be diverse from every defendant." *Alter v. United of Omaha Life Ins. Co.*, No. 5:17-CV-863-DAE, 2018 WL 6262976, at *1 (W.D. Tex. Feb. 27, 2018).

3

For diversity purposes, a limited liability company is deemed to be a citizen of every state in which its members are citizens. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Pursuant to 28 U.S.C. § 1332(c), corporations are deemed to be a citizen of every state in which it has been incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c); *Tewari De-Ox Sys., Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014).

The time limits for filing a notice of removal are set forth in 28 U.S.C. § 1446(b), which, as relevant here, states:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. 1446(b). As to the 30-day period from Defendant's receipt of the initial pleading, the Fifth Circuit Court of Appeals has stated that "the thirty-day removal period under the first paragraph [of 28 U.S.C. § 1446(b)] is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 400 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis in original)).

In this case, based on the information in Ventura Food's Notice of Removal (and not contested by Ellis), complete diversity exists as Ellis is a citizen of Texas and Defendant is a citizen of Minnesota, Delaware, and California, the states in which its members are citizens. Additionally, the amount in controversy in this case exceeds $75,000, as Ellis, in his Original and Amended Petitions, seeks monetary relief over $1,000,000.

As to the timeliness issue, pursuant to 28 U.S.C. § 1446(b)(1), to have timely removed this case, Ventura must have filed its notice of removal within thirty days of receiving it since Ellis' Original Petition filed in state court clearly revealed on its face that Ellis was seeking damages in excess of $75,000. In this case Ventura was served with Ellis' Original Petition on January 23, 2025, and removed the case to this Court on February 21, 2025, 29 days later. Consequently, Ventura timely removed the case to this Court. Thus, because the parties are completely diverse, the amount in controversy exceeds $75,000, and the removal was timely, the Court has subject-matter jurisdiction to hear the case. Consequently, the Court **FINDS, CONCLUDES, AND RECOMMENDS** that Ellis' Motion to Remand [doc. 10] be **DENIED**.

As to Ventura Food's argument that Ellis should be required to obtain leave of Court to pursue his claims in this Court because he has previously been deemed a vexatious litigant, the Court denies Ventura Food's request. While Ellis has been deemed a vexatious litigant, Ellis was not the one that caused this lawsuit to be brought to this Court. Instead, it is Ventura Food's actions of filing the Notice of Removal that resulted in the case being transferred to this Court. Based on Ellis' motion to remand, it is apparent that Ellis does not want to be in this Court. Nevertheless, the Court reminds Ellis that he has been declared a vexatious litigant by this Court[3] and should not engage in abusive or harassing litigation techniques in this case. Failure to abide by this warning will result in the undersigned recommending all appropriate sanctions, up to and including monetary and litigation-ending sanctions, be entered against Plaintiff.

---

[3] *See* 4:23-cv-00685-P, docs. 6 & 8.

## **NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C § 636(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's Findings, Conclusions, and Recommendation where the disputed determination is found. Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## **ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **April 23, 2025**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed

and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

    SIGNED April 9, 2025.

                                                                             _____
                                                                             JEFFREY L. CURETON
                                                                             UNITED STATES MAGISTRATE JUDGE